URIN & SHOOK vs. WAUGH.

There need be no contract between the owner of a house and a sub-contractor to give the latter a lien. He has only to give the notice required by the statute after doing the work.

APPEAL from the St. Louis Court of Common Pleas.

MOREHEAD, *for Appellants.*

1. Under the act approved Feb. 24, 1843, a mechanic is entitled to a lien under a contract with the contractors. Acts of 1843, p. 83, sec. 1.

2. The requirements of the act to entitle the lien were fully complied with by the appellants. Acts of 1843, secs. 3 & 4.

3. The lien in this case was instituted and the suit brought under said act. "An act for the better security of mechanics and others, &c., in the city and county of St. Louis," approved Feb, 24, 1843. Acts of 1843, p. 83, secs. 1, 3, 4, 7 & 9.

4. There was error in the instruction of the court:—

1st. Because, he had no right to tell the jury what was or was not evidence in the case.

2nd. Because, what the instruction did tell them was unauthorized by the act referred to and in force at the time of commencement of proceedings, and it was not required by the plaintiffs in this case by said act, to entitle them to a recovery, to prove a contract with the defendant, if they prove a contract with the contractor.

5. The evidence was sufficient to require a verdict and judgment for the plaintiffs, and the verdict of the jury, and the judgment of the court, were therefore wrong.

SCOTT, J., *delivered the opinion of the Court.*

This was a proceeding commenced before a justice of the peace under the act concerning mechanic's liens in the county of St. Louis. The plaintiffs in error who were likewise plaintiffs below, were sub-contractors. An appeal was taken from the justices' court to the Court of Common Pleas, where, after the case being made out by evidence, the court instructed the jury that there was no evidence before them of any contract between the parties to this action, and therefore they were bound to find for the defendant.

The statute does not require that there should be any contract between the owner of the house and the sub-contractor. All that is necessary is a notice after the work is done, which was given. The question in this case was determined at this term in the suit of Speilman vs. Shook, Papin, *et al.*

The cause will be reversed and remanded, the other Judges concurring.